## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **AMERICAN HOME ASSURANCE COMPANY** as subrogee and assignee of the **Massachusetts Port Authority** | ) ) ) ) |
| **Plaintiff,** | ) ) C.A. No. |
| **v.** | ) ) |
| **M/V ONE HELSINKI f/k/a HELSINKI BRIDGE, IMO NO. 9588081, her engines, tackle, equipment, appurtenances, etc.,** *in rem*, | ) ) ) ) |
| **and** | ) ) |
| **DAISY SHIP HOLDING S.A., K LINE SHIP MANAGEMENT (SINGAPORE) PTE LTD., BOSTON LINE & SERVICE CO., INC., and MICHAEL DUARTE,** *in personam*, | ) ) ) ) ) |
| **Defendants.** | ) ) |

## <u>VERIFIED COMPLAINT IN ADMIRALTY</u>

Plaintiff American Home Assurance Company ("AHAC"), by counsel, for its Verified Complaint against the above-named defendants, M/V ONE HELSINKI, *in rem*, and Daisy Ship Holdings SA, K Line Ship Management (Singapore) PTE LTD., Boston Line & Service Co., Inc., and Michael Duarte, *in personam*, alleges upon information and belief as follows:

1.     This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### <u>The Parties</u>

2.     Plaintiff American Home Assurance Company ("AHAC") is a New York corporation with a principal place of business at 175 Water Street, New York, New York.

3.      The M/V ONE Helsinki f/k/a Helsinki Bridge (the "Helsinki Bridge") is a containership registered in Panama with IMO number 9588081.  At the time of the incidents that are the subject of this action, the vessel was named M/V Helsinki Bridge.

4.      On information and belief, defendant Daisy Ship Holding S.A. ("Daisy Ship Holding") is a Panama company and was the registered owner of the Helsinki Bridge at all times material hereto.

5.      On information and belief, defendant K Line Ship Management (Singapore) PTE Ltd. ("KLS") is a Singapore company that was, at all times relevant to this action, the ship operator and/or provided ship management for the Helsinki Bridge.

6.      Defendant Michael Duarte is individual residing at 22 Powderhorn Way, Apartment 2, Sandwich, Massachusetts.

7.      Defendant Boston Line & Service Co., Inc. ("Boston Line & Service") is a Massachusetts corporation with a principal place of business located at One Black Falcon Avenue, Boston, Massachusetts.

## Jurisdiction

8.      This matter is within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, Fed.R.Civ.P. 9(h), Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and General Maritime Law.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), and because the Helsinki Bridge is now, or will be during the pendency of this action, within this district and within the jurisdiction of this Honorable Court.

## Facts

10.     AHAC insures the Massachusetts Port Authority for certain coverage including the

2

Paul W. Conley Container Terminal ("Conley Terminal") and the Raymond L. Flynn Black Falcon Cruise Terminal ("Black Falcon Terminal").

11.     On or about December 5, 2017, the Helsinki Bridge arrived at or near Boston Harbor.

12.     Defendant Michael Duarte is a docking pilot who boarded the vessel and delivered it to its berth at the Conley Terminal, so it could perform unloading/loading operations.

13.     The ship's master was aware that high winds were in the weather forecast.

14.     Michael Duarte was aware that high winds were in the weather forecast.

15.     The ship's mooring lines were thrown to employees of Boston Line & Service Co., Inc. who secured them to bollards on the dock.

16.     Five head lines on the bow of the ship were secured to a single bollard.  The other bollards to which the vessel was tied held two or three lines.

17.     Shortly after 12:00 a.m. on December 6, 2017, high winds arrived and the bollard with five lines broke.

18.     When the bow of the Helsinki Bridge drifted away in an uncontrolled manner from the terminal dock, the other lines attached to the ship also parted.

19.     The bow of the Helsinki Bridge struck the Black Falcon Cruise Terminal pier.

20.     The Massachusetts Port Authority suffered property damage and other expenses as a result of the incident.

21.     AHAC indemnified the Massachusetts Port Authority for the loss pursuant to its insurance contract.

## COUNT I – MARITIME LIEN (Helsinki Bridge)

22.     The plaintiff restates and realleges the preceding paragraphs of this Complaint.

23.    The Helsinki Bridge had a duty to exercise reasonable care in its use of the Conley Terminal and its operation on navigable waters.

24.    The Helsinki Bridge breached its duty of care and was negligent by causing damage to the Black Falcon Terminal pier.

25.    The Helsinki Bridge breached its duty of care and was negligent by failing to properly secure itself in its berth and to prevent its uncontrolled movement in the waterway.

26.    The Helsinki Bridge breached its duty of care and was negligent by failing to take adequate precautions in preparation for the expected high wind conditions and by acting without due regard to the observance of good seamanship.

27.    The Helsinki Bridge's negligence was a proximate cause of the incident giving rise to a maritime lien against the vessel.

28.    Under well-established and applicable principles of admiralty law set forth in the rule of The Oregon, 158 U.S. 186 (1895), the Helsinki Bridge is presumed at fault because it allided with stationary piers and structures; this presumption establishes a *prima facie* case of the vessel's negligence.

29.    The allisions were not the fault of the piers or structures, nor were the allisions the result of any inevitable accident.

30.    The Massachusetts Port Authority suffered property damage and other expenses as a result of the incident.

31.    AHAC is subrogee and assignee of the Massachusetts Port Authority's claims against the Helsinki Bridge.

32.    As a result of the incident, AHAC has a maritime lien against the vessel.

33.     Under the Federal Maritime Law and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, AHAC is entitled to arrest the vessel to enforce its maritime lien.

### COUNT II – NEGLIGENCE (Daisy Ship Holding, S.A.)

34.     The plaintiff restates and realleges the preceding paragraphs of this Complaint.

35.     Daisy Ship Holding, as the owner of the Helsinki Bridge, had a duty to exercise reasonable care in its use of the Conley Terminal and in the operation of the vessel.

36.     Daisy Ship Holding breached its duty of care and was negligent by failing to adequately secure the ship in its berth.

37.     Daisy Ship Holding breached its duty of care and was negligent by failing to take adequate precautions in preparation for the expected high wind conditions and by acting without due regard to the observance of good seamanship.

38.     Daisy Ship Holding's negligence was a proximate cause of the incident.

39.     The Massachusetts Port Authority suffered property damage and other expenses as a result of the incident.

40.     AHAC is subrogee and assignee of the Massachusetts Port Authority's claims against Daisy Ship Holding.

### COUNT III – NEGLIGENCE (K Line Ship Management (Singapore) PTE Ltd.)

41.     The plaintiff restates and realleges the preceding paragraphs of this Complaint.

42.     KLS, as the ship operator and/or management company for the Helsinki Bridge, had a duty to exercise reasonable care in its use of the Conley Terminal and in the operation of the vessel.

43.     KLS breached its duty of care and was negligent by failing to adequately secure the ship in its berth.

44.     KLS breached its duty of care and was negligent by failing to take adequate precautions in preparation for the expected high wind conditions and by acting without due regard to the observance of good seamanship.

45.     KLS's negligence was a proximate cause of the incident.

46.     The Massachusetts Port Authority suffered property damage and other expenses as a result of the incident.

47.     AHAC is subrogee and assignee of the Massachusetts Port Authority's claims against KLS.

## COUNT IV – NEGLIGENCE (Michael Duarte)

48.     The plaintiff restates and realleges the preceding paragraphs of this Complaint.

49.     Michael Duarte had a duty to exercise reasonable care in securing the Helsinki Bridge in its berth.

50.     Michael Duarte breached his duty of care and was negligent by failing to adequately secure the ship in its berth.

51.     Michael Duarte breached his duty of care and was negligent by failing to take adequate precautions in preparation for the expected high wind conditions and by acting without due regard to the observance of good seamanship.

52.     Michael Duarte's negligence was a proximate cause of the incident.

53.     The Massachusetts Port Authority suffered property damage and other expenses as a result of the incident.

54.     AHAC is subrogee and assignee of the Massachusetts Port Authority's claims against Michael Duarte.

## COUNT V – NEGLIGENCE (Boston Line & Service)

55.     The plaintiff restates and realleges the preceding paragraphs of this Complaint.

56.     Boston Line & Service had a duty to exercise reasonable care in securing the Helsinki Bridge in its berth.

57.     Boston Line & Service breached its duty of care and was negligent by failing to adequately secure the ship in its berth.

58.     Boston Line & Service breached its duty of care and was negligent by putting five lines on a single bollard.

59.     Boston Line & Service's negligence was a proximate cause of the incident.

60.     The Massachusetts Port Authority suffered property damage and other expenses as a result of the incident.

61.     AHAC is subrogee and assignee of the Massachusetts Port Authority's claims against Boston Line & Service.


WHEREFORE, the plaintiff respectfully requests that this Honorable Court:

1.     That judgment be entered *in rem*, against defendant M/V ONE HELSINKI f/k/a HELSINKI BRIDGE on Count I of this Complaint and award the plaintiff damages, interest and costs.

2.     That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against defendant ONE HELSINKI f/k/a HELSINKI

BRIDGE, her engines, boilers, tackle, etc., placing the Vessel under the arrest, custody and control of the Marshal of this District.

3.      That Warrant of Arrest issue against the M/V ONE HELSINKI f/k/a HELSINKI BRIDGE her engines, tackles, boilers, appurtenances, etc., *in rem*, and that this Court order and adjudge that the M/V ONE HELSINKI f/k/a HELSINKI BRIDGE be condemned and sold to pay the amount due the Plaintiff together with prejudgment interest, costs, *custodia legis* costs, and for such further relief that justice may require and that the Court may deem just and proper.

4.      Enter judgment against defendant Daisy Ship Holding S.A. on Count II of this Complaint and award the plaintiff damages, interest and costs;

5.      Enter judgment against defendant K Line Ship Management (Singapore) PTE Ltd. on Count III of this Complaint and award the plaintiff damages, interest and costs.

6.      Enter judgment against defendant Michael Duarte on Count IV of this Complaint and award the plaintiff damages, interest and costs.

7.      Enter judgment against defendant Boston Line & Service Co., Inc. on Count V of this Complaint and award the plaintiff damages, interest and costs.

8.      Grant such further relief as may be equitable and just.

AMERICAN HOME ASSURANCE COMPANY
as subrogee and assignee of
Massachusetts Port Authority


*/s/ John E. O'Brien, Jr.*
John E. O'Brien, Jr., BBO#640982
**ROBINSON & COLE** LLP
One Boston Place, 25th Floor
Boston, MA 02108-4404
Tel. 617-557-5900
jobrien@rc.com


DATED:  December 2, 2020



**VERIFICATION**

I, John E. O'Brien, Jr., hereby depose and state as follows:

I am counsel for the plaintiff in this action; I have read the foregoing complaint and know the contents thereof and the same are true of my knowledge or upon information available to the plaintiff that I believe to be true, except as to those matters therein stated on information and belief, and as to those matters I believe it to be true.  Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.


*/s/ John E. O'Brien, Jr.*
John E. O'Brien, Jr.